AKERMAN LLP
David W. Parham, SBN: 15459500
John E. Mitchell, SBN: 00797095
Scott D. Lawrence, SBN: 24087896
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339
david.parham@akerman.com
john.mitchell@akerman.com
scott.lawrence@akerman.com
        -and-
Esther A. McKean (Admitted *Pro Hac Vice*)
Florida Bar No. 28124
Post Office Box 231
Orlando, FL 32802-0231
Phone: (407) 423-4000
Fax: (407) 843-6610
esther.mckean@akerman.com

PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS-IN-POSSESSION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WILLIAMS FINANCIAL GROUP, INC., *et al.* [1] | § | Case No. 17-33578-HDH |
| | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

## MOTION TO APPROVE COMPROMISE

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE ST., ROOM 1254, DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON BEFORE DECEMBER 4, 2017 WHICH IS AT LEAST 24 DAYS FROM THE DATE OF SERVICE HEREOF.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Williams Financial Group, Inc. (8972); WFG Management Services, Inc. (7450); WFG Investments, Inc. (7860) and WFG Advisors, LP (9863). The address for all the Debtors is 2711 N. Haskell Ave., Suite 2900, Dallas, TX 75204.

- 1 -

43342081;1

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Williams Financial Group, Inc. ("WFG") and the affiliated debtors and debtors-in-possession listed above (the "Debtors") in the above-captioned Chapter 11 cases (the "Cases"), by and through their undersigned counsel, hereby move the Court (the "Motion") for entry of an order in the form attached hereto as **Exhibit A** pursuant to section 502 of the Bankruptcy Code[2] and Federal Rule of Bankruptcy Procedure 9019, authorizing the Debtors to enter into the settlement agreement by and between Michael G. Orr and Leslie L. Orr and WFG Investments, Inc. (the "Orr Agreement"), a copy of which is attached hereto as **Exhibit B**, and in support thereof state as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. The matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The Court has the authority to grant the requested relief pursuant to 11 U.S.C. § 502, Rule of Bankruptcy Procedure 9019, and Local Rule 9019.

## BACKGROUND & PROCEDURAL HISTORY

2. On September 24, 2017, (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate

---

[2] 11 U.S.C. §§ 101 *et seq.*

43342081;1

their businesses and manage their property as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors are in the process of winding down their operations and formulating a chapter 11 plan to make distributions of property of the estate to their creditors.

3. Williams Financial Group, Inc. ("WFG"), a Texas corporation, is a holding company, and is the direct or indirect parent of each of the other Debtors.

4. WFG Management Services, Inc. ("Management") provided management services to the Debtors.

5. WFG Advisors, LP, ("WFGA"), is an SEC Registered Investment Advisor that previously provided fee-based wealth advisory and retirement services that included: wrap accounts, advisor directed or third party-managed accounts, asset allocation and portfolio reporting, tax trust and estate and financial planning services. WFGA was not a custodian and never held any client assets. WFGA started winding up its affairs in August of 2017 and its current sole source of revenue is pre-petition earned advisory fees.

6. WFG Investments, Inc., ("WFGI") is a broker-dealer that previously engaged in the business of facilitating transactions in securities, but has ceased operations and is currently engaged in the windup and liquidation of its business. WFGI operated primarily on an independent registered representative model. Prior to commencing the windup of its operations, the Debtor had approximately 225 registered representatives, all of whom were independent contractors who owned and ran their own businesses, while being licensed through and supervised by the Debtor.

7. On July 17, 2017, Michael G. Orr and Leslie L. Orr (the "Orrs") instituted an arbitration against WFGI with the Financial Industry Regulatory Authority ("FINRA"), which

was assigned FINRA Case Number 17-01884 (the "Orr Arbitration"). In the Orr Arbitration, the Orrs alleged they suffered losses in connection with certain investments the Orrs made with a representative of the Debtors. The Debtors deny any and all wrongdoing and liability associated with the allegations made by the Orrs in the Orr Arbitration. However, given the Debtors' circumstances as debtors-in-possession in bankruptcy and the wind down of their affairs, the Debtors sought to find an amicable settlement with the Orrs to avoid incurring additional costs and attorneys' fees in the Orr Arbitration. The Debtors were able to come to terms with the Orrs, as stated more fully below and in the Orr Agreement.

## THE PROPOSED SETTLEMENT

8. The Orr Agreement consists generally of the following terms:

   a. The Debtors agree that WFGI owes the Orrs $220,000, which amount shall be one combined allowed general non-priority unsecured claim against the estate of WFGI.
   b. The Orrs agree to release certain claims against the Debtors and related parties;
   c. The Orrs retain their claims against Ryan Neal Bowers and Jeffrey Laberge, who are also parties to the Orr Arbitration;
   d. The Orrs agree to dismiss WFGI from the Orr Arbitration with prejudice.

The above terms are merely a summary of the terms contained in the Orr Agreement. In the event of any conflict or inconsistency between the abbreviated terms recited above and the complete terms as stated in the Orr Agreement, the Orr Agreement shall control.

## RELIEF REQUESTED

9. Compromises are "oftentimes desirable and wise methods of bringing to a close proceedings otherwise lengthy, complicated and costly."[3] Furthermore,

> the approval of a proposed settlement does not depend on establishing as a matter of legal certainty that the subject claim or counterclaim is or is not worthless or valuable . . .

---

[3] In re Jackson Brewing Company, 624 F.2d 599, 602 (5th Cir. 1980) (hereinafter, "Jackson Brewing").

- 4 -

43342081;1

[T]he very uncertainties of outcome in litigation . . . lay behind the Congressional infusion of a power to compromise.[4]

10. Pursuant to Federal Rule of Bankruptcy Procedure 9019, the decision to approve a compromise of controversy lies within the sound discretion of the Bankruptcy Court.[5] A court should approve a compromise or settlement when the settlement is fair and equitable and in the best interest of the estate.[6] In assessing a proposed settlement or compromise, the Court must "compare the terms of the compromise with the likely reward of litigation."[7] Such comparison requires the Court to assess (a) the probability of success in any litigation with due consideration for uncertainty of fact and law; (b) the complexity and likely duration of any litigation and any attendant expenses, inconvenience and delay; and (c) all other factors bearing on the wisdom of the compromise.[8] The other factors, sometimes referred to as the *Foster Mortgage* factors, include (i) the best interests of the creditors, with proper deference to their reasonable views, and (ii) the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion.[9]

11. The Debtors would show the Court that it is a proper exercise of discretion to approve the compromise and settlement described herein. While the Debtors are confident of their legal position, the ultimate outcome of the Orr Arbitration cannot be known with certainty, while settlement of the Orr Arbitration now will save litigation costs and reduce administrative

---

[4] Florida Trailer and Equipment Co. v. Deal, 284 F.2d 567, 571 (5th Cir. 1960).

[5] See In re Aweco, Inc., 725 F.2d 293, 297 (5th Cir.), cert. den., 469 U.S. 880 (1984).

[6] See In re Age Refining, Inc., 801 F.3d 530, 540 (5th Cir. 2015); see also In re Foster Mortg. Corp., 68 F.3d 914, 917 (5th Cir. 1995).

[7] Protective Committee of Independent Stockholders of TMT Trailer Ferry Inc. v. Anderson, 390 U.S. 414 424 (1968) (hereinafter "TMT").

[8] TMT at 424-25; See also In re Cajun Elec. Power Coop., 119 F.3d 349, 356 (5th Cir. 1997); In re Texas Extrusion Corp., 68 B.R. 712 (N.D. Tex. 1986).

[9] In re Age Refining, 801 F.3d at 540 (quoting Cajun Electric and Foster Mortgage).

43342081;1

expenses. The facts and circumstances present in the Orr Arbitration, including the particular merits of the Orrs' claims and the strength of the Debtors' defenses, as well as the Debtors' present circumstances, combine to create the special circumstances under which the Debtors were able to negotiate the Orr Agreement. The Orr Agreement thus ends unnecessary litigation and continued administrative expense and the possibility of an adverse decision or an appeal and the attendant delay that could result in delays of distributions to creditors. For the foregoing reasons, the Debtors believe that the compromise is in the best interests of the estate and should be approved.

THEREFORE, the Debtors request that the Court grant this Motion, enter an order approving the Orr Agreement, and grant such other and further relief as appropriate.

Dated: November 10, 2017

Respectfully submitted,

AKERMAN LLP

/s/ David W. Parham
David W. Parham, SBN: 15459500
John E. Mitchell, SBN: 00797095
Scott D. Lawrence, SBN: 24087896
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339
david.parham@akerman.com
john.mitchell@akerman.com
scott.lawrence@akerman.com
and
Esther A. McKean (Admitted *Pro Hac Vice*)
Florida Bar No. 28124
Post Office Box 231
Orlando, FL 32802-0231
Phone: (407) 423-4000
Fax: (407) 843-6610
esther.mckean@akerman.com

PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS-IN-POSSESSION

43342081;1