AKERMAN LLP
David W. Parham, SBN: 15459500
John E. Mitchell, SBN: 00797095
Scott D. Lawrence, SBN: 24087896
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339
david.parham@akerman.com
john.mitchell@akerman.com
scott.lawrence@akerman.com
-and-
Esther A. McKean (Admitted *Pro Hac Vice*)
Florida Bar No. 28124
Post Office Box 231
Orlando, FL 32802-0231
Phone: (407) 423-4000
Fax: (407) 843-6610
esther.mckean@akerman.com

COUNSEL FOR DEBTORS
AND DEBTORS-IN-POSSESSION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WILLIAMS FINANCIAL | § | Case No. 17-33578-HDH |
| GROUP, INC., *et al.* [1] | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

**DEBTORS' EXPEDITED MOTION TO
(I) RETAIN AND PAY AUCTIONEER, AND (II) SELL CERTAIN PROPERTY FREE
AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Williams Financial Group, Inc., *et al.* (collectively, the "Debtors"), debtors and debtors-

in-possession in the above-captioned chapter 11 cases (the "Cases"), hereby file this Emergency

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Williams Financial Group, Inc. (8972); WFG Management Services, Inc. (7450); WFG Investments, Inc. (7860) and WFG Advisors, LP (9863). The address for all the Debtors is 2711 N. Haskell Ave., Suite 2900, Dallas, TX 75204.

43497102;1

Motion Pursuant to 11 U.S.C. §§ 327, 328, 330 and 363, and Federal Rules of Bankruptcy Procedure 6004 and 6005, for authority to (i) retain and pay an auctioneer, and (ii) sell certain property of the Debtors' estates by auction, free and clear of all liens, claims, and encumbrances. In support of this Motion, the Debtors respectfully state:

## BASES FOR EXPEDITED CONSIDERATION

As set forth in this Motion and the motion to expedite this Motion filed contemporaneously herewith, the Debtors believe the continuation of their efforts to wind down their operations and maximize value for their creditors warrants expedited relief. In particular, all participants in these Cases up to this point are already familiar with the Debtors' goals and efforts to close their offices and liquidate their assets expeditiously. The Debtors seek to sell the furniture, fixtures and equipment described herein on an expedited basis to administer the assets of the estate as expeditiously and effectively as possible. The proposed auctioneer is able to advertise fully prior to and conduct the sale with a closing date of December 14, 2017. Accordingly, the Debtors submit that the circumstances of this case warrant expedited consideration of the Motion to approve the auction before that date, which will serve to move the Cases toward their conclusion as efficiently as possible.

### I. JURISDICTION

1. The United States Bankruptcy Court for the Northern District of Texas (the "Court" or "Bankruptcy Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND

3. On September 24, 2017, (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate

their businesses and manage their property as a debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. Williams Financial Group, Inc. ("WFG"), a Texas corporation, is a holding company, and is the direct or indirect parent of each of the other Debtors.

5. WFG Management Services, Inc. ("Management") provided management services to the Debtors.

6. WFG Advisors, LP, ("WFGA"), is an SEC Registered Investment Advisor that previously provided fee-based wealth advisory and retirement services that included: wrap accounts, advisor directed or third party-managed accounts, asset allocation and portfolio reporting, tax trust and estate and financial planning services. WFGA was not a custodian and never held any client assets. WFGA started winding up its affairs in August of 2017 and its current sole source of revenue is pre-petition earned advisory fees.

7. WFG Investments, Inc., ("WFGI") is a broker-dealer that previously engaged in the business of facilitating transactions in securities, but has ceased operations and is currently engaged in the windup and liquidation of its business. WFGI operated primarily on an independent registered representative model. Prior to commence the windup of its operations, the Debtor had approximately 225 registered representatives, all of whom were independent contractors who owned and ran their own businesses, while being licensed through and supervised by the Debtor.

**RELIEF REQUESTED**

**Background**

8. Through this Motion, the Debtors respectfully request authority to (i) retain and pay Rosen Systems, Inc. (the "Auctioneer") as an auctioneer for the Debtors' estates pursuant to the Auction Agreement attached hereto as **Exhibit A** (the "Auction Agreement"), pursuant to 11

U.S.C. § 327, and (ii) sell by auction all furniture, fixtures, and equipment (the "FF&E"), other than certain computer equipment to be sold pursuant to a separate motion to sell, currently located in the Debtors' offices at N. Haskell Ave., Suite 2900, Dallas, TX 75204 (the "Debtors' Offices"), free and clear of all liens, claims, and encumbrances, pursuant to 11 U.S.C. § 363. Valuable FF&E is located at the Debtors' Offices. The Debtors intend to sell the FF&E from the Debtors' Offices for the benefit of the estates.

### Employment and Payment of the Auctioneer

9. The Debtors propose to retain and pay the Auctioneer pursuant to the terms of the Auction Agreement, and to have the Auctioneer sell the FF&E by auction.

10. Pursuant to the Auction Agreement, the Debtors propose to pay the Auctioneer's actual and necessary expenses of conducting the auction, which the Auctioneer has estimated will be approximately $3,250. The Auctioneer additionally charges a buyer's premium on the amount of the eventual winning bid of 15%, which amount is paid by winning bidders, not the Debtors. The Debtors submit that this is a standard arrangement for similar auctions regularly conducted in this district. The Debtors request approval of these estimated expenses and request that, to the extent that no additional reimbursable expenses beyond $3,250 become due, that the Debtors do not have to apply for further authorization from the Court to pay the Auctioneer's actual and necessary expenses incurred in conducting the auction. *See* 11 U.S.C. § 330.

11. Section 1107 of the Bankruptcy Code grants a debtor-in-possession many of the rights of a trustee appointed under Chapter 11. Included within those rights is the right to employ professional persons. Section 327 of the Bankruptcy Code provides, in relevant part:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an

> interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

*See* 11 U.S.C. § 327(a). Furthermore, Section 328 of the Bankruptcy Code authorizes the Debtor to retain a professional on an other than hourly basis.

12. Employment of the Auctioneer is necessary to assist the Debtors in liquidating the FF&E for the benefit of these estates. If the FF&E is not sold and remains at the Debtors' Offices, rent may continue to accrue, the FF&E will depreciate in value, and these Cases will move more slowly toward completion. The Debtors believe the Auctioneer is duly-qualified to, and will, facilitate an expeditious, profitable sale of the FF&E for the benefit of these estates.

13. The Auctioneer does not hold or represent an interest adverse to these estates, and is disinterested as that term is defined by 11 U.S.C. § 101(14). An Affidavit of Disinterestedness of the Auctioneer is attached hereto and incorporated herein as **Exhibit B**.

14. Accordingly, the Debtors respectfully request authority to (i) employ the Auctioneer pursuant to the terms of the Auction Agreement, and (ii) compensate the Auctioneer in accordance with the terms of the Auction Agreement, subject to the provisions of 11 U.S.C. §§ 327, 328, 330 and appropriate Court approval.

### Sale of FF&E Free and Clear of All Liens, Claims, and Encumbrances

15. The Debtors intend to sell the FF&E by auction, free and clear of all liens, claims, and encumbrances pursuant to 11 U.S.C. § 363(f).

16. Section 363 of the Bankruptcy Code provides in relevant part that a trustee (or debtor-in-possession) may sell property of the estate free and clear of the interest of any entity if

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be

compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

See 11 U.S.C. § 363(f).

17. Accordingly, the Debtors believe relief under 11 U.S.C. § 363(f) is appropriate, and request authority to sell the FF&E by auction, free and clear of all liens, claims, and encumbrances.

## WAIVER OF BANKRUPTCY RULE 6004(h)

18. To implement the foregoing successfully, the Debtors seek a waiver of the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## CONCLUSION

WHEREFORE, the Debtors respectfully request the Court enter an Order in substantially the form attached hereto as **Exhibit C**, (i) authorizing the Debtors to employ the Auctioneer pursuant to the terms of the Auction Agreement; (ii) authorizing the Debtors to sell the FF&E free and clear of all liens, claims, and encumbrances; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: November 30, 2017

Respectfully submitted,

AKERMAN LLP

/s/ David W. Parham
David W. Parham, SBN: 15459500
John E. Mitchell, SBN: 00797095
Scott D. Lawrence, SBN: 24087896
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339
david.parham@akerman.com

6

43497102;1

john.mitchell@akerman.com
scott.lawrence@akerman.com

and

Esther A. McKean (Admitted *Pro Hac Vice*)
Florida Bar No. 28124
Post Office Box 231
Orlando, FL 32802-0231
Phone: (407) 423-4000
Fax: (407) 843-6610
esther.mckean@akerman.com

COUNSEL FOR DEBTORS AND
DEBTORS-IN-POSSESSION

43497102;1