AKERMAN LLP
David W. Parham, SBN: 15459500
John E. Mitchell, SBN: 00797095
Scott Lawrence, SBN: 24087896
2001 Ross Avenue, Suite 3600
Dallas, TX  75201
Telephone:   (214) 720-4300
Facsimile:    (214) 981-9339
david.parham@akerman.com
john.mitchell@akerman.com
scott.lawrence@akerman.com
-and-
Esther A. McKean (admitted *Pro Hac Vice*)
Florida Bar Number 028124
Post Office Box 231
Orlando, FL 32802-0231
Phone: (407) 423-4000
Fax: (407) 843-6610
esther.mckean@akerman.com

COUNSEL FOR DEBTORS AND
DEBTORS-IN-POSSESSION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WILLIAMS FINANCIAL | § | Case No. 17-33578-HDH |
| GROUP, INC., *et al.* [1] | § | |
| | § | (Jointly Administered) |
| Debtors. | | |

**DEBTORS' REPLY
TO CUSTOMER CREDITORS' MOTION TO APPROVE COMPROMISE**

The debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Cases") (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby file this reply (the "Reply") to the *Objection to Debtors' Motion to Approve*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Williams Financial Group, Inc. (8972); WFG Management Services, Inc. (7450); WFG Investments, Inc. (7860) and WFG Advisors, LP (9863). The address for all the Debtors is 2711 N. Haskell Ave., Suite 2900, Dallas, TX 75204.

Page 1 of 4

43790462;1

*Compromise* (ECF No. 231, the "Objection") filed by the Customer Creditors[2] in response to the Debtors' *Motion to Approve Compromise* (ECF No. 184, the "Motion") and would respectfully show unto the Court the following:

1. The Debtors filed the Motion on November 10, 2017. By the Motion, the Debtors seek an order approving a proposed settlement (the "Orr Agreement") of claims filed by Michael G. Orr. and Leslie L. Orr (the "Orrs") against WFG Investments, Inc. ("WFGI") for an allowed general non-priority unsecured claim in the amount of $220,000.[3]

2. Only one response, the Objection, was filed in response to the Motion. In the Objection, the Customer Creditors seek additional information about the dispute between the Debtors and the Orrs and the negotiation process that led to the Orr Agreement.

3. First, the original amount of damages the Orrs sought in their arbitration against the Debtors is irrelevant to the determination of the reasonableness of the Orr Agreement. The Orrs originally sought more than the $220,000 that they agreed to in the Orr Agreement, and the $220,000 represents a significant discount on the original claim amount. Evaluating the merits of the Orr Agreement involved an analysis of the costs of litigating the arbitration to completion, the relative risks of outcomes either higher or lower than the settlement amount, and other factors that properly weigh in the Debtors' business judgment. Ultimately, the Debtors concluded that the Orr Agreement would be a net benefit to the estate, rather than the expensive and uncertain process of litigation of the Orrs' claims.

---

[2] The Customer Creditors, as listed in the Objection, are: WTW Investment Company, Ltd; Paula Knox, as trustee of the Turnbull Marital Trust; Jeffrey L. Dworkin; Robert A. Anderson; John J. Gonzalez; Alejandro Cabrera; Mark A. Hajda; Brooks Barkley; Sarah Barkley; Andrew Williams; Brian Beck; Steven Riebel, as trustee of the Riebel Living Trust; Jennie D. Price; Renouard Investments, LLC; Paul Thompson; David N. Pederson; Todd R. Brown; Jeffrey Miller; Michael Sullivan; Lori Bowen; Phyllis K. Clark; Mark E. Trivette; Tarak Patel; Thomas Keyser; Constance Lindsey; William Balzar; and Paul Garcia.

[3] A true and correct copy of the Orr Agreement is attached to the Motion. Any conflict or inconsistency between the terms as stated here in the Reply should be resolved in favor of the terms as stated in the Orr Agreement.

4. The Customer Creditors seek an analysis of "whether, or even by how much, the proposed compromise is better as compared to the amount of (i) probable distributions to creditors; (ii) professional fees incurred to reach the proposed compromise; and (iii) professional fees estimated to litigate the Orrs' claim given that the Debtors, in the Compromise, state that they deny any wrongdoing or liability." *See Objection*, p. 4, ¶ 5. The Debtors have undertaken and continue to undertake this analysis with respect to each of the claims filed against the Debtors' estates. The Debtors are actively seeking to reach consensual settlements with many claimants. The Debtors' goal is to maximize distributions to creditors, which involves minimizing professional fees in the process of negotiating consensual resolutions and avoiding litigation where its costs would outweigh the benefit achieved to the Debtors' estates. The Orr Agreement is the product of this analysis, and the Debtors anticipate further similar agreements.

5. Second, the Customer Creditors raise questions about the releases provided in the Orr Agreement and whether the negotiated resolution is the product of arms-length bargaining. The Debtors negotiated the Orr Agreement and its specific terms at arms' length. In their business judgment, the Debtors determined that the Orr Agreement is a reasonable resolution that minimizes litigation costs to the estate and maximizes recoveries and certainty for creditors. The release language is typical for these types of agreements, to ensure full closure of issues as among the claimants and any and all potential defendants for their claims. Both the Debtors and the Orrs sought and agreed to similar releases for themselves.

6. In fact, the Orrs never named, for example, David and Wilson Williams as defendants in the lawsuits. By the releases, the Debtors sought to avoid a situation where the Orrs compromised their claims as to the Debtors but then filed new claims against, for example,

43790462;1

the Debtors' officers and directors, which might then trigger indemnity obligations for the Debtors, and result in additional legal costs to and claims against the Debtors' bankruptcy estates.

7. In sum, the Debtors believe that it is a prudent and reasonable exercise of their business judgment to enter into the Orr Agreement, including the releases contained therein. The Debtors believe that Court approval of the Orr Agreement is in the best interests of the Debtors' creditors.

Dated: January 9, 2018

Respectfully submitted,

AKERMAN LLP

_/s/ David W. Parham_
David W. Parham, SBN: 15459500
John E. Mitchell, SBN: 00797095
Scott Lawrence, SBN: 24087896
2001 Ross Avenue, Suite 3600
Dallas, TX  75201
Telephone:   (214) 720-4300
Facsimile:    (214) 981-9339
david.parham@akerman.com
john.mitchell@akerman.com
scott.lawrence@akerman.com

and

Esther A. McKean (admitted *Pro Hac Vice*)
Florida Bar No. 28124
Florida Bar Number 028124
Post Office Box 231
Orlando, FL 32802-0231
Phone: (407) 423-4000
Fax: (407) 843-6610
esther.mckean@akerman.com

COUNSEL FOR DEBTORS AND
DEBTORS-IN-POSSESSION

43790462;1