Kalju Nekvasil, Esq. (Fla. Bar No. 0866946)
Stephen Krosschell, Esq. (Fla. Bar No. 0351199)
Goodman & Nekvasil, P.A.
14020 Roosevelt Blvd., Suite 808
P.O. Box 17709
Clearwater, FL 33762
Email: gnmain@gnfirm.com
Telephone: (727) 524-8486
Facsimile: (727) 524-8786

Attorneys for Lewis B. Abronski, Individually and as Trustee of the Third Amended and Restated Revocable Living Trust Agreement Dtd. 9/18/14, Sharon L. Agapos, Individually and as Trustee of the Agapos Living Trust, Gregory A. Ames, Darin R. Arnold, Donald C. Barnes, Judith B. Barnes, Anthony R. Beard, Jennifer W. Bender, Thomas W. Bender, III, Angela K. Beverly, Richard E. Beverly, Dolphus Broxton, Anthony J. Caminiti, Livingston M. Coate, Rebecca A. Coate, Michael S. Coleman, Robin R. Coleman, Randy Couture, Patrick V. Daily, Ebba Kerstin E. Dampier, Theodore E. Dampier, James B. Donaghey, II, Catherine L. Druhan, Joseph M. Druhan, Thomas L. Egbert, Heather A. Fadden, Thomas N. Fadden, Gary W. Garner, Susan H. Hamilton, Andrew J. Howard, Curtis W. Huffman, Lori Hutchinson, Anton H. Jensen, David Jensen, Lacie J. Jensen, John V. Jones, Jr., Keith Keppen, George S. Lee, Jr., Glenda J. Lee, William M. March, Brent W. McMillan, Natalie A. McMillan, Alan B. Melton, Kimberly W. Melton, Jere J. Miller, Laurie Miller, Michael Craig Miller, Raymond W. Miller, David G. Myrick, Martin B. Myrick, Terri W. Myrick, Ronald J. Ori, H. Cliff Pitman, Joan C. Pitman, Gregory L. Prescott, Susan N. Rosson, Timothy E. Rosson, Bertram L. Sanders, II, Gary H. Schack, Chris D. Stewart, Evie L. Stewart, James R. Stinebaugh, William E. Stitt, Gregory E. Strachan, William H. Stuart, Amy D. Stubler, Daniel K. Stubler, Philip L. Taber, Thomas S. Walters, Cyrrena Welch, Terry E. Welch, and Lundy P. Wilder ("Arbitration Creditors")

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WILLIAMS FINANCIAL GROUP, INC., et al.,[1] | § | Case No. 17-33578-HDH |
| | § | Jointly Administered |
| Debtors. | § | Objection Date: May 23, 2018 |

ARBITRATION CREDITORS' MOTION FOR
TEMPORARY ALLOWANCE OF CLAIM UNDER
FEDERAL RULE OF BANKRUPTCY PROCEDURE 3018(a)

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Williams Financial Group, Inc. (8972); WFG Management Services, Inc. (7450); WFG Investments, Inc. (7860), and WFG Advisors, LP (9863). The address for all the Debtors is 2711 N. Haskell Ave., Suite 2900, Dallas, TX 75204.

The Arbitration Creditors[2] hereby move for temporary allowance of their claims in full under Federal Rule of Bankruptcy Procedure 3018(a), for the sole purpose of enabling them to vote on the Debtors' plan of liquidation, and, as grounds, state as follows:

## I. BACKGROUND

1. Debtor WFG Investments, Inc. ("WFGI"), was a broker-dealer and a member of FINRA, Inc. ("FINRA"). The Arbitration Creditors previously filed arbitration claims with the FINRA Office of Dispute Resolution against Debtor WFGI.[3] The Arbitration Creditors' FINRA arbitrations are presently stayed as a result of the bankruptcy filing by WFGI in this Court.

2. In their arbitration claims, the Arbitration Creditors alleged that WFGI violated federal and state securities laws, breached its fiduciary and contractual duties, and committed common law fraud and negligence. The Arbitration Creditors alleged that WFGI, acting through its Alabama registered representatives Mark L. Baggerly, Stephen A. Pierce, Damian M. Bell, and James A. Conwell, II, fraudulently and negligently, through omissions and misrepresentations, recommended that the Arbitration Creditors invest in Servergy, Inc. ("Servergy"). (ECF 241-245)

3. According to the Securities and Exchange Commission ("SEC"), however, Servergy falsely represented that Servergy had developed a new server, the CTS-1000, that

---

[2] The "Arbitration Creditors" are listed on the first page of this document.

[3] Copies of the arbitration Statements of Claim have filed with this Court. (ECF 241-245)

consumed up to 80% less power and cooling than other servers, that the CTS-1000 was in high demand, and that Servergy had received 25 orders totaling over 1,500 units with planned delivery in late 2013. Servergy, however, had not received any orders for the CTS-1000. The CTS-1000 was based on outdated technology that was being phased out of the industry. The claim that the CTS-1000 consumed less power or produced less thermal output than other, comparable servers had no basis, because Servergy only tested the CTS-1000 against one other, non-comparable Dell server released nearly 4 years earlier. (ECF 241 pp. 140-206)

4. Although a jury cleared the Servergy founder of some of the SEC's claims, the jury also found that he violated Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a)(2). (ECF 288 Exh. C) According to the SEC:

> Jury Finds Technology Company Founder Liable for Misleading Investors About Energy-Efficient Computer Servers
>
> . . . .
>
> "We are gratified by the jury's verdict finding William E. Mapp III liable for misleading Servergy investors about the company's business prospects. Corporate officers owe shareholders nothing less than the full truth, and we vigorously pursue executives who mislead people."

(ECF 288 Exh. B)

5. Section 17(a)(2) provides that it "shall be unlawful for any person in the offer or sale of any securities . . . to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading." Negligence is sufficient for a Section 17(a)(2) violation; proof of intent is not required. Aaron

v. Securities and Exchange Comm'n, 446 U.S. 680, 697 (1980). The Arbitration Creditors have alleged negligence and have alleged the same untrue statements and omissions that the SEC alleged and that the jury found. (See e.g., ECF 241 pp. 12-13, 47, 140-179) The jury verdict therefore strongly supports the Arbitration Creditors' claims.

6.  The Arbitration Creditors alleged not only misrepresentations and omissions but also improper recommendations and failure to investigate by a broker-dealer with fiduciary duties. In recommending the Servergy security without having adequately investigated it, WFGI violated one of its fundamental duties. WFGI was also a fiduciary to the Arbitration Creditors. Accordingly, the Arbitration Creditors have an even greater basis to hold WFGI liable than the SEC had for the Servergy founder, because WFGI was a broker-dealer with fiduciary duties to the Arbitration Creditors.

7.  The Arbitration Creditors have previously filed a Renewed Motion for Relief from the Automatic Stay (ECF 420) and Renewed Motion to Compel Arbitration (ECF 421). This Court conditionally granted these motions effective July 2, 2018, unless WFGI has confirmed a plan with an alternative claims resolution process which binds the Arbitration Creditors. (ECF 473, 474)

8.  Today, May 2, 2018, the Court entered an order approving the Debtors' Second Amended Disclosure Statement. (ECF 477) The order established the following dates and deadlines:

> a.  May 31, 2018 – Deadline to file motions for temporary allowance of claims for voting purposes under Bankruptcy Rule 3018(a). Movants under Rule 3018 are responsible for scheduling a

    hearing on the motion at or prior to the date of the hearing to consider confirming the Debtors' plan of liquidation.

  b. June 7, 2018 – Deadline for voting on and objecting to the Debtors' plan of liquidation.

  c. June 14, 2018 – Date of hearing to consider confirming the Debtors' plan of liquidation.

  9. The Arbitration Creditors have filed proofs of claim against WFGI in this court in Case No. 17-33580-hdh11. On April 16, 2018, WFGI filed objections to these claims. (Case No. 17-33580, ECF 18 to 69) Pursuant to this Court's order (ECF 477), unless this Court grants this Motion or the Arbitration Creditors reach a stipulation with the Debtors, the Arbitration Creditors will not be able to vote on the plan of liquidation. "A creditor whose claim is objected to 'is therefore disenfranchised from voting on the plan unless the objection is adjudicated prior to plan voting, or a mechanism, such as temporary allowance, is provided for.'" In re Romacorp, Inc., 2006 WL 6544089, at *3 (Bankr. N.D. Tex. Feb. 24, 2006) (citation omitted).

  10. As reflected in their other filings in this Court, the Arbitration Creditors continue to believe that they are entitled to arbitrate with WFGI under the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"). This Motion for temporary allowance of the Arbitration Creditors' claims is filed solely for voting purposes to protect the Arbitration Creditors' rights in this bankruptcy matter and to enable them to vote on the plan of liquidation. Granting this Motion would not have any res judicata or collateral effects in later litigation or arbitration regarding the final resolution of the Arbitration Creditors' claims, and the Arbitration Creditors do not waive their contention that WFGI must arbitrate with them under the FAA.

ARGUMENT

11. Bankruptcy Rule 3018(a) provides in part as follows: "Notwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." The "'policy behind temporarily allowing claims is to prevent possible abuse by plan proponents who might ensure acceptance of a plan by filing last minute objections to the claims of dissenting creditors.'" In re Mangia Pizza Investments, LP, 480 B.R. 669, 679 (Bankr. W.D. Tex. 2012) (citation omitted).

12. Courts have "disagree[d] about which party has the burden of proof in a Rule 3018 proceeding." In re Pacific Sunwear, Inc., 2016 WL 4250681, at *5 (Bankr. D. Del. Aug. 8, 2016). Even assuming arguendo that the burden is on the moving party, the burden would merely "be on the claimant to present sufficient evidence that it has a colorable claim capable of temporary evaluation." Armstrong v. Rushton (In re Armstrong), 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003), aff'd, 97 F. App'x 285 (10th Cir. 2004).

13. This Court can readily determine that the Arbitration Creditors have at least colorable claims capable of temporary evaluation. The SEC alleged, and a jury found, that the Servergy founder made material misrepresentations and omissions that violated the federal securities laws. The Arbitration Creditors have alleged the same misrepresentations and omissions. WFGI failed properly to investigate these misrepresentations and omissions relating to Servergy before recommending the Servergy investment to the Arbitration Creditors, and WFGI is liable to them as a result. These claims are at least colorable.

14. Courts have also considered several factors in determining whether to allow a claim temporarily for voting purposes. Factors pertinent to this case include:

- "[T]he expectations of the parties regarding treatment of the claim as evidenced in their proposed plans"; . . .

- "[T]he effective power which the holder of the disputed claim may have to scuttle the reorganization proceeding"; . . .

- "[W]hen fully hearing the objection would delay administration of the case"; . . . and

- "[W]hether the objection was filed late or 'at the last minute'" . . . .

Mangia Pizza Investments, 480 B.R. at 679-80 (citations omitted).

15. Here, with regard to the first of these factors, the Debtors clearly expect that claims can be temporarily allowed for purposes of voting and that full determination of the claims would then be made later. This Court's order today that approved the disclosure statement was drafted by the Debtors, and it expressly provides that creditors can seek to have their claims temporarily allowed under Rule 3018 for voting purposes. (ECF 477 pg. 3) The procedure in the Debtors' proposed plan for determining for distribution purposes whether a disputed securities-related claim will be allowed and the amount of the claim only takes place later, after confirmation of the plan. (ECF 476 pp. 23-26)

16. With regard to the second of these pertinent factors, no individual Arbitration Creditor has the power to scuttle the liquidation proceeding in this case.

17. With regard to the third and fourth of these pertinent factors, the Debtors' objections to the Arbitration Creditors' claims were filed only slightly more than two weeks ago, and this Court today ordered that the confirmation hearing would take place in six weeks.

The Debtors' plan has no provision before confirmation for determining whether the Arbitration Creditors' claims will be allowed for distribution purposes. It instead delays that process until after confirmation of the plan.

18.    Moreover, the Debtors have already on three occasions blocked the Arbitration Creditors from obtaining an immediate and full resolution of their claims against WFGI. The first time occurred when WFGI filed its bankruptcy petition in this Court, thereby staying the Arbitration Creditors' arbitrations against WFGI. The second and third times occurred when the Debtors twice opposed (ECF 279, 435, 436) the Arbitration Creditors' motions to lift the stay and compel arbitration. But for these actions by the Debtors, many or all of the Arbitration Creditors' claims would already have been resolved.

19.    Finally, a fifth factor supporting temporary allowance of the Arbitration Creditors' claims is their right to arbitrate under the Federal Arbitration Act. This Court has now conditionally ruled that the Arbitration Creditors have this right to arbitrate. (ECF 474) As stated by the court in Santangelo Law Offices, P.C. v. Touchstone Home Health LLC (In re Touchstone Home Health LLC), 572 B.R. 255, 277-78 (Bankr. D. Colo. 2017), when it lifted a bankruptcy stay to permit liquidation of a bankruptcy claim through arbitration:

> [T]he reason [for permitting liquidation of proofs of claim through arbitration] . . . is even stronger than the rationale supporting deference to pending federal and state litigation. That is because, as in this case, the parties contractually agreed to arbitration prior to bankruptcy. And, federal law strongly favors arbitration. . . .The U.S. Supreme Court has confirmed on multiple occasions that arbitration is generally a prompt, efficient, and fair mechanism for dispute resolution. Thus, claims liquidation arbitration supports the objectives of the bankruptcy system rather than conflicting with them because it provides a mechanism for quick, economical, and fair dispute resolution.

>The lack of inherent conflict between arbitration and the Bankruptcy Code is demonstrated by many bankruptcy decisions approving liquidation of claims through arbitration. At the appellate level, [the Fifth Circuit in <u>Ins. Co. of N. Am. v. NCG Settlement Tr. & Asbestos Claims Mgmt. Co. (In re Nat'l Gypsum Co.)</u>, 118 F.3d 1056 (5th Cir. 1997)] uses claims liquidation arbitration as the archetypical example of a proceeding which does not inherently conflict with the Bankruptcy Code.
>
>>In the most common type of creditor-initiated core proceeding–a motion for relief from the automatic stay–bankruptcy courts regularly have permitted arbitration to continue (or commence) in spite of the presence of core bankruptcy jurisdiction. In those cases permitting arbitration, courts have typically found little difficulty with arbitration of disputes where resolution would not involve matters of federal bankruptcy law.
>
><u>Nat'l Gypsum</u>, 118 F.3d at 1068 (citing a series of decisions allowing relief from stay for arbitration to liquidate claims).

20.    Given the strong federal policy favoring arbitration, the Debtors cannot reasonably preclude the Arbitration Creditors from being able to vote on a plan that, if confirmed, could prevent them from exercising their right to arbitrate under the Federal Arbitration Act.

WHEREFORE, the Arbitration Creditors respectfully request the Court to enter an order temporarily allowing their claim in full for purposes of voting on the Debtors' plan of liquidation.

Dated: May 2, 2018

Respectfully submitted,

GOODMAN & NEKVASIL, P.A.

/s/ Stephen Krosschell
Kalju Nekvasil, Esq.
Fla. Bar No. 0866946
Stephen Krosschell, Esq.
Goodman & Nekvasil, P.A.
14020 Roosevelt Blvd., Suite 808
P.O. Box 17709
Clearwater, FL 33762
Email: gnmain@gnfirm.com
Telephone:  (727) 524-8486
Facsimile:  (727) 524-8786

Counsel for the Arbitration Creditors

## CERTIFICATE OF CONFERENCE

The undersigned counsel certifies that, on May 2, 2018, he consulted with Scott Lawrence, counsel for the Debtors, who stated that the Debtors opposed this Motion.

/s/ Stephen Krosschell
Stephen Krosschell

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on May 2, 2018, he caused copies of the foregoing document to be served on all parties receiving electronic notice through the Court's CM/ECF System.

/s/ Stephen Krosschell
Stephen Krosschell