Joe E. Marshall
Texas Bar No. 13031100
MARSHALL LAW
3131 McKinney Ave., Suite 600
Dallas, Texas 75204
Telephone: (214) 579-9173
jmarshall@marshalllaw.net

**ATTORNEY FOR DENNIS FAULKNER,
LIQUIDATING TRUSTEE**

### IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** § § | | |
| § | | **Chapter 11** |
| **WILLIAMS FINANCIAL, GROUP, et al.**[1] § | | |
| § | | **Case No. 17-33578-HDH** |
| § | | |
| **Debtors.** § | | **(Jointly Administered)** |
| § | | |

### LIQUIDATING TRUSTEE'S MOTION FOR ENTRY OF ORDER AUTHORIZING AND DIRECTING THE ABANDONMENT, DISPOSAL AND/OR DESTRUCTION OF CERTAIN BOOKS AND RECORDS OF THE DEBTORS

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT (ADDRESS OF CLERK'S OFFICE) BEFORE CLOSE OF BUSINESS ON APRIL 15, 2019, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

---

[1] The Debtors in these cases include Williams Financial Group, Inc.; WFG Management Services, Inc.; WFG Investments, Inc. and WFG Advisors, LP.

**TO THE HONORABLE HARLIN D. HALE, U.S. BANKRUPTCY JUDGE**:

COMES NOW Dennis Faulkner, the duly appointed Liquidating Trustee (the "**Trustee**") of the WFG Liquidating Trust ("**Trust**") established in the above-captioned administratively consolidated cases (the "**Bankruptcy Case**"), and hereby files this *Motion for Entry of an Order Authorizing and Directing the Abandonment, Disposal and/or Destruction of Certain Books and Records of the Debtors* ("**Motion**"), and in support thereof respectfully states as follows:

### I.

### JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to §§ 157 and 1334 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"). This is a "core" proceeding under § 157(b).

2. The statutory predicates for the relief requested herein are §§ 105, 554 and 725 of the Bankruptcy Code, and Rule 6007 of the Bankruptcy Rules.

### II.

### BACKGROUND

3. On September 24, 2017 (the "**Petition Date**"), Williams Financial Group, Inc. ("**WFG**"), WFG Management Services, Inc. ("**WFGM**"), WFG Investments, Inc. ("**WFGI**") and WFG Advisors, L.P. ("**WFGA**")(collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"). Prior to the Petition Date, the Debtors ceased operations, and, with the exception of management and a few key individuals, terminated all other employees who had not already sought other employment or left voluntarily.

4. On June 19, 2018, the Bankruptcy Court confirmed the Debtors' First Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code, as modified ("**Joint Plan**"). The Joint Plan provided for the establishment of a Liquidating Trust and the Court approved the Liquidating Trust Agreement and the appointment of Dennis S. Faulkner as the Liquidating Trustee. The Effective Date of the Plan was June

29, 2018.  Upon the Date Effective Date, the remaining management team was terminated and there were no longer any employees for these Debtors.  Pursuant to the Order confirming the Joint Plan, and the Liquidating Trust Agreement established thereunder, the Trustee then became the duly authorized representative of the Debtors' estates for purposes of completing all required actions to fully administer the Trust.

5. The Trust has substantially completed the administration of the Debtors' estates under the Trust, including, without limitation, the resolution of objections to creditor claims and intercompany claims and related pending litigation. Distributions have been made from the estates for WFGA and WFGM and the Trust has filed motions for final decrees with respect to those bankruptcy cases.  With the exception of the preference analysis and potential recoveries, and completing distributions and tax returns, the Trustee has limited issues remaining in the estates for WFG and WFGI and anticipates that the administration of those bankruptcy cases and related Trust activities will be completed soon.  Accordingly, the need for the retention of certain dated records previously maintained by the Debtors are no longer required by the Trustee and create an administrative burden and unnecessary cost for the Trust.

6. The Debtors maintained books and records in paper and electronic format in a number of locations with different document retention firms.  One of the third party document retention firms holding books and records of the Debtors is Smarsh, Inc. ("**Smarsh**").  According to information in the Debtors' files and descriptions provided by the Debtors' prior management and employees, the only records in the possession of Smarsh are in electronic format and pertain to matters and transactions prior to 2012.  The Trustee no longer requires access to these documents for administration of the Trust and the Trustee is not aware of any applicable retention requirements under Financial Industry Regulatory Authority or Securities and Exchange Commission regulations, or the Bankruptcy Code.

7. The only accounts transferred by the Debtors during the Bankruptcy Case involved certain client accounts managed prepetition by WFG Investments, Inc., which were sold and transferred to Kestra Financial, Inc. ("**Kestra**") in accordance with this Court's Order entered on January 31, 2018 [Docket No.

342]. That sale was closed by the Trustee on November 2, 2018. The Trustee has received confirmation from Kestra that all records required to be transferred in that sale are in the possession of Kestra and that it needs no further records from the Trust.

8. The Trustee believes that the records in the possession of Smarsh have no value to the Trust and/or the Debtors' estates and are not required for the administration of the Trust, the filing of tax returns or any other foreseeable purpose. Accordingly, in the business judgment of the Trustee, such records should be destroyed or purged once the content and scope of the records is confirmed for the Trustee by Smarsh. Confirmation of the destruction and/or purging of the records is necessary because they potentially contain personal and confidential information of investors.

9. The Trustee initiated contact with Smarsh in November 2018 in an effort to confirm the content and scope of the records in their possession and facilitate a reasonable process for turnover or destruction. After repeated attempts by the Trustee, and after providing the appropriate documentation confirming the Trustee's authority, Smarsh refuses to acknowledge the Trustee as the proper party to discuss the contents of the stored records and direct the disposition of the records. In response to requests and directives from both the Trustee and counsel to confirm the existence and scope of the records and purge them, Smarsh responded and acknowledged that their contracts "allow for the customer to request deletion of **all** data in the archive, which should not require a charge." However, despite the Trustee's explanations and documentation from the Bankruptcy Case, Smarsh refuses to recognize the Trustee's authority and accept direction from the Trustee and insists on direction from prior administrative contacts at the Debtors – employees who have long since left the employment of these defunct companies.

10. Assuming the Trustee is correct about the content and format of the records, the purging of the records should be a relatively simple task and, as acknowledged by Smarsh, can be done at no cost. The Trustee and his counsel have diligently attempted to coordinate this effort, but because of this impasse with Smarsh, they believe that continuing this effort without the Court's involvement will not be effective or beneficial to the estates and will result in additional and unnecessary cost to the estates.

### III.

### **RELIEF REQUESTED**

11. The Trustee "may abandonment any property of the estate that is burdensome to the estate or that is of inconsequential value or benefit" to the estate. *11 U.S.C. § 554(a)*. This Court may issue any order necessary or appropriate to carry out the provisions of Title 11. *11 U.S.C. § 105*. In the exercise of his business judgment, the Trustee has determined that the estate records in the possession of Smarsh have no value to the estate and create an unnecessary burden and should be abandoned and/or destroyed without further delay. In addition to authorizing the abandonment and/or destruction of the records in the possession of Smarsh, the Trustee is requesting an order directing Smarsh to cooperate in the destruction of records by confirming that the scope of the records pertain to matters prior to 2012 and is consistent with the timeframe described by the Trustee and purging the records at no cost to the estates and providing written confirmation when the process is completed.

12. In addition to the representatives at Smarsh who have been in contact with the Trustee and counsel, the Trustee is providing service to the Smarsh legal department at the same address noted on their last invoice provided to the Trustee and set forth in the General Terms section of their Services Agreement. The Trustee would assert that such service provides good and sufficient notice to Smarsh of the relief requested herein.

WHEREFORE PREMISES CONSIDERED, the Trustee respectfully requests an order (i) authorizing the Trustee to abandon and/or destroy all records in the possession of Smarsh, (ii) authorizing and directing Smarsh to communicate and cooperate with the Trustee in order for him to fulfill his responsibilities by confirming the scope of the records held or possessed by Smarsh for all of these Debtors, and (iii) authorizing and directing Smarsh to purge the records in all Smarsh accounts under the name of these Debtors at no cost to the estates and providing written confirmation when the process is completed; and that the Court grant such other and further relief to which he may be justly entitled.

Dated: March 25, 2019 　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ *Joe E. Marshall*
　　　　　　　　　　　　　　　　　　Joe E. Marshall
　　　　　　　　　　　　　　　　　　Texas Bar No. 13031100
　　　　　　　　　　　　　　　　　　Marshall Law
　　　　　　　　　　　　　　　　　　3131 McKinney Ave., Suite 600
　　　　　　　　　　　　　　　　　　Dallas, Texas 75204
　　　　　　　　　　　　　　　　　　Telephone: (214) 579-9173
　　　　　　　　　　　　　　　　　　jmarshall@MarshallLaw.net

　　　　　　　　　　　　　　　　　　Attorney for Dennis Faulkner,
　　　　　　　　　　　　　　　　　　Liquidating Trustee

## CERTIFICATE OF SERVICE

　　　I hereby certify that on March 25, 2019, a true and correct copy of the foregoing Motion was served electronically on the parties entitled to notice pursuant to the Court's electronic PACER system and on the list of creditors and parties set forth on the attached mailing matrix by U.S. Mail, postage prepaid.

　　　　　　　　　　　　　　　　　　*/s/ Joe Marshall*
　　　　　　　　　　　　　　　　　　Joe Marshall